UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| JULIANA RIAHI | * | **Case No. 13-11487-RGM** |
| | * | Chapter 7 |
| Debtor. | * | |
| | * | |
| DONALD F. KING, TRUSTEE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Adv. Pro. No. 15-_____-RGM |
| | * | |
| JULIANA RIAHI, AS TRUSTEE OF THE CHILDREN'S TRUST, | * | |
| | * | |
| JOHN DOE 1, AS TRUSTEE OF THE CHILDREN'S TRUST, | * | |
| | * | |
| MICHAEL KHALIFEH, | * | |
| | * | |
| ALEXANDER KHALIFEH, | * | |
| | * | |
| ANA VLALUKIN, | * | |
| | * | |
| JULIANA RIAHI, | * | |
| | * | |
| JULIANA RIAHI, AS EXECUTOR OF THE ESTATE OF BORIS G. VLALUKIN, | * | |
| | * | |
| JOHN DOE 2, AS EXECUTOR OF THE ESTATE OF BORIS G. VLALUKIN, | * | |

LAUREN FRIEND McKELVEY, VSB NO. 78813
ALEXANDER M. LAUGHLIN, VSB NO. 25237
Counsel for Donald F. King, Trustee
ODIN FELDMAN & PITTLEMAN PC
1775 Wiehle Avenue, Suite 400
Reston, Virginia  20190
Direct:  703-218-2135
Fax:     703-218-2160
E-Mail: Lauren.McKelvey@ofplaw.com
Email:  Alex.Laughlin@ofplaw.com

| | |
|---|---|
| JULIANA RIAHI, AS TRUSTEE OF THE BORIS G. VLALUKIN REVOCABLE TRUST DATED OCTOBER 23, 2000 AND ALL OTHER TRUSTS CREATED UNDER IT, | * * * * * * * |
| JOHN DOE 3, AS TRUSTEE OF THE BORIS G. VLALUKIN REVOCABLE TRUST DATED OCTOBER 23, 2000 AND ALL OTHER TRUSTS CREATED UNDER IT, | * * * * * * * |
| JULIANA RIAHI, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LILLIAN S. VLALUKIN, | * * * * |
| JOHN DOE 4, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LILLIAN S. VLALUKIN, | * * * * * |
| JULIANA RIAHI, AS TRUSTEE OF THE LILLIAN S. VLALUKIN REVOCABLE TRUST DATED OCTOBER 23, 2000 AND ALL OTHER TRUSTS CREATED UNDER IT, and | * * * * * * * |
| JOHN DOE 5, AS TRUSTEE OF THE LILLIAN S. VLALUKIN REVOCABLE TRUST DATED OCTOBER 23, 2000 AND ALL OTHER TRUSTS CREATED UNDER IT, | * * * * * * * |
| Defendants. | * |

**COMPLAINT FOR DECLARATORY JUDGMENT, TURNOVER, AVOIDANCE OF TRANSFERS AND OTHER RELIEF**

DONALD F. KING, TRUSTEE, by counsel, files this complaint (the "**Complaint**")

(i) for declaratory judgment that the Debtor's interest in the NYC Co-op Apartment

(hereinafter defined) is property of the bankruptcy estate under 11 U.S.C § 541; (ii) for turnover of the Debtor's interest in the NYC Co-op Apartment to the Trustee pursuant to 11 U.S.C § 542; (iii) to avoid and recover the transfer of the Debtor's interest in the NYC Co-op Apartment and/or the obligation incurred by the Debtor to transfer the NYC Co-op Apartment under 11 U.S.C §§ 544 and 550; (iv) to avoid and recover the transfer of the Debtor's interest in the NYC Co-op Apartment and/or the obligation incurred by the Debtor to transfer the NYC Co-op Apartment under 11 U.S.C §§ 548 and 550; and (v) to disallow the claims of the Settlement Agreement Defendants (defined hereinafter) under 11 U.S.C § 502(d), and in support thereof, states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue lies properly in this Court pursuant to 28 U.S.C. § 1409.

3. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

### Parties

4. Juliana Riahi (the "**Debtor**") filed a voluntary chapter 11 petition on April 2, 2013 (the "**Petition Date**"). The Debtor's bankruptcy case was converted to chapter 7 on July 30, 2013. The Debtor is also known by the aliases Juliana Vlalukin, Juliana Vlalukin Riahi, Juliana Khalifeh, Julijana Riahi and Julijana Khalifeh and, upon information and belief, resides at 39 Main Street, Wachapregue, VA 23480.

5. Donald F. King (the "**Trustee**") is the duly appointed chapter 7 trustee in the Debtor's bankruptcy case.

6.   The Debtor's parents were Lillian S. Vlalukin ("**Mother**") and Boris G. Vlalukin ("**Father**").

7.   The Debtor's Mother died on or about November 26, 2005.

8.   On or about January 6, 2006, the Last Will and Testament of Debtor's Mother (the "**Mother's Will**") was duly admitted for probate and recorded in the Office of the Register of Wills of Prince George's County, Maryland.

9.   Upon information and belief, the Debtor was appointed personal representative of her Mother's estate.

10.  Upon information and belief, the beneficiary of the residuary estate under the Debtor's Mother's Will was the Lillian S. Vlalukin Revocable Trust dated October 23, 2000, as amended (the "**Mother's Trust**").

11.  Upon information and belief, the Debtor was named the trustee of her Mother's Trust.

12.  The Debtor's Father died on or about November 8, 2006.

13.  On or about December 21, 2006, the Last Will and Testament of Debtor's Father (the "**Father's Will**") was duly admitted for probate in the Circuit Court for Fairfax County, Virginia.

14.  On or about December 21, 2006, the Debtor was qualified as executor of her Father's estate.

15.  On or about October 17, 2014, the Circuit Court for Fairfax County entered an Order to Remove Fiduciary and Forfeit Bond, removing the Debtor as executor of her Father' estate, but not appointing or qualifying a successor executor.

16. The beneficiary of the residuary estate under the Debtor's Father's Will was the Boris G. Vlalukin Revocable Trust dated October 23, 2000, as amended (the "**Father's Trust**").

17. The Debtor was named the Successor Trustee of her Father's Trust.

18. The fiduciaries of Debtor's parents' estates and trusts are named defendants in this action.

19. Because Debtor has been removed as fiduciary of her Father's estate and it is unknown whether she continues to serve as fiduciary of the other of her parents' estates and trusts, the Trustee has also named "John Doe" fiduciaries.

20. The following are referred to collectively at the "**Fiduciary Defendants**": Juliana Riahi, as Executor of the Estate of Boris G. Vlalukin, John Doe 2, as Executor of the Estate of Boris G. Vlalukin, Juliana Riahi, as Trustee of the Boris G. Vlalukin Revocable Trust Dated October 23, 2000 and all other trusts created under it, John Doe 3, as Trustee of the Boris G. Vlalukin Revocable Trust Dated October 23, 2000 and all other trusts created under it, Juliana Riahi, as personal representative of the Estate of Lillian S. Vlalukin, John Doe 4, as personal representative of the Estate of Lillian S. Vlalukin, Juliana Riahi, as Trustee of the Lillian S. Vlalukin Revocable Trust Dated October 23, 2000 and all other trusts created under it, and John Doe 5, as Trustee of the Lillian S. Vlalukin Revocable Trust Dated October 23, 2000 and all other trusts created under it.

21. Ana Vlalukin is the Debtor's sister and resides at 244 E. 60th St., #3A, New York, New York 10022, which is also the location of the NYC Co-op Apartment.

22.   Michael Khalifeh and Alexander Khalifeh are the Debtor's sons and their last known address is 1226 Potomac School Road, McLean, Virginia 22101.

23.   Upon information and belief, one or more trusts have been established for the benefit of Michael Khalifeh and Alexander Khalifeh (individually and collectively, the "**Children's Trust**"). Upon information and belief, the Debtor is the trustee of the Children's Trust. The Trustee has also named John Doe 1, trustee of the Children's Trust.

### The Debtor's Interest in the NYC Co-op Apartment

24.   Prior to their deaths, Debtor's Mother and Father jointly owned shares in 244 East 60th St. Owners Corp. and a lease for an apartment located at 244 East 60th St., #3A, New York, New York 10022 (the shares and the lease are collectively referred to herein as the "**NYC Co-op Apartment**"). Upon information and belief, the shares and interests in the NYC Co-op Apartment are still registered in the names of the Debtor's Mother and Father.

25.   Upon information and belief, when the Debtor's Mother died, her shares and interests in the NYC Co-op Apartment passed to the Debtor's Father and he owned all of the shares and interests in the NYC Co-op Apartment upon his death.

26.   When the Debtor's Father died, all of the shares and interests in the NYC Co-op Apartment passed to his estate and the executor of his estate.

27.   Upon information and belief, at this time, the shares and interests in the NYC Co-op Apartment had a value of $375,000.00.

28. Under the Debtor's Father's Will, he gives, devises and bequeaths his entire residuary estate, which includes his shares and interests in the NYC Co-op Apartment, to Debtor's Father's Trust. Father's Will at §§ 3 and 4.

29. Pursuant to the Father's Trust, his shares in the NYC Co-op Apartment became part of the "Trust Residue," as defined therein.

30. Upon the Father's death, the Father's Trust provides that the Trust Residue shall be held in a Family Trust in accordance with section 6 of the Father's Trust.

31. Section 6.2 of the Father's Trust, addressing the termination of the Family Trust, provides that upon the Father's death the principal of the Family Trust and undistributed net income <u>shall</u> be distributed to the Father's surviving children in equal shares.

32. At his death, the Father's surviving children were the Debtor and Ana Vlalukin.

33. Accordingly, pursuant to the terms of the Father's Trust (including the Family Trust and/or other trusts created in the Father's Trust), the Debtor had the right to receive fifty-percent (50%) of the shares of the NYC Co-op Apartment upon the death of her Father.

34. Alternatively, the Debtor has the right to receive fifty-percent (50%) of the shares and interests in the NYC Co-op Apartment pursuant to her Mother's Will, her Mother's Trust (including the Family Trust and/or other trusts created in the Mother's Trust), her Father's Will, other of her parents' wills, trusts or other instruments, and/or the applicable laws of inheritance and intestacy.

**The Attempted Transfer of the Debtor's Interest in the NYC Co-op Apartment**

35. On or about September 19, 2011, the Debtor, individually and in her capacity as executor of her Father' estate and successor trustee of her Father's Trust, entered into a Release and Settlement Agreement with Ana Vlalukin (the "**Settlement Agreement**").

36. In the Settlement Agreement, the Debtor <u>agrees</u> to transfer a one-half ownership interest in the NYC Co-op Apartment to Ana and to transfer the other half (that being Debtor's share) ownership interest into the Children's Trust for the benefit of Debtor's children, Michael Khalifeh and Alexander Khalifeh. The Settlement Agreement further provides that the Debtor shall be the trustee of the Children's Trust.

37. On or about July 22, 2014, at a hearing before the Commissioner of Accounts for her Father's estate, the Debtor stated that she had not transferred any shares in the NYC Co-op Apartment to her sons.

**Count I**
**[Declaratory Judgment Based Upon 11 U.S.C. § 541]**

38. The Trustee incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. On or before the Petition Date, the Debtor had the right to receive fifty-percent (50%) of the shares and interests in the NYC Co-op Apartment.

40. Upon information and belief, on the Petition Date, the Debtor had not transferred her right to receive fifty-percent (50%) of the shares of the NYC Co-op Apartment or any other interest in the NYC Co-op Apartment to her sons, Michael Khalifeh and Alexander Khalifeh, or any other person or entity.

41. Upon the filing of the Debtor's bankruptcy petition, the Debtor's right to receive fifty-percent (50%) of the shares of the NYC Co-op Apartment and any other interest in the NYC Co-op Apartment became property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

42. There exists an actual and justiciable controversy among the parties pertaining to their respective rights and legal relations with respect to the shares and interests in the NYC Co-op Apartment.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that the Court enter an order declaring that fifty-percent (50%) of the shares of the NYC Co-op Apartment and any of Debtor's other interest in the NYC Co-op Apartment are property of the bankruptcy estate and for such other relief as this Court deems appropriate.

### Count II
### [Turnover Based Upon 11 U.S.C. § 542]

43. The Trustee incorporates the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44. Fifty-percent (50%) of the shares of the NYC Co-op Apartment and any of the Debtor's other interest in the NYC Co-op Apartment are property of the bankruptcy estate pursuant to 11 U.S.C. §541.

45. Upon information and belief, one or more of the Defendants is in possession, custody or control of the Debtor's fifty-percent (50%) shares of the NYC Co-op Apartment and the Debtor's other interests in the NYC Co-op Apartment.

46. Upon information and belief, the Trustee may sell the Debtor's fifty-percent (50%) shares of the NYC Co-op Apartment and the Debtor's other interests in the NYC

Co-op Apartment under 11 U.S.C. §363, or the Debtor may exempt such shares and interests under 11 U.S.C. § 522.

47. The Debtor's fifty-percent (50%) shares of the NYC Co-op Apartment and the Debtor's other interests in the NYC Co-op Apartment are not of inconsequential value or benefit to the bankruptcy estate.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that the Court enter an order against the Defendants, jointly and severally, requiring the Defendants to turnover to the Trustee fifty-percent (50%) of the shares of the NYC Co-op Apartment and any of Debtor's other interest in the NYC Co-op Apartment and for such other relief as this Court deems appropriate.

### Alternative Count III
**[Avoidance and Recovery of Transfer or Obligation Based Upon 11 U.S.C. §§ 544(a) and 550]**

48. The Trustee incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

49. On the date of the Settlement Agreement, the Debtor had the right to receive fifty-percent (50%) of the shares and interests in the NYC Co-op Apartment.

50. Debtor's agreement in section 2.c of the Settlement Agreement to transfer half of the ownership interest in the NYC Co-op Apartment into the Children's Trust for the benefit of Debtor's children, Michael Khalifeh and Alexander Khalifeh, and to transfer other rights and interests of the Debtor in the NYC Co-op Apartment, constituted a transfer of property of the Debtor or an obligation incurred by the Debtor.

51. The transfer or the obligation to transfer the Debtor's interest in the NYC Co-op Apartment is voidable by:

(a) a creditor that extends credit to the Debtor on the Petition Date, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(b) a creditor that extends credit to the Debtor on the Petition Date, and obtains, at such time and with respect to such credit, an execution against the Debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and/or

(c) a bona fide purchaser of real property, other than fixtures, from the Debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of Petition Date, whether or not such a purchaser exists.

52. The transfer of the Debtor's interests in the NYC Co-op Apartment and/or the obligations incurred by the Debtor in section 2.c. of the Settlement Agreement with respect to the NYC Co-op Apartment are avoidable transfers pursuant to 11 U.S.C. § 544(a).

53. The Debtor's bankruptcy estate has been damaged in an amount no less than the current value of a fifty-percent (50%) interest in the NYC Co-op Apartment, together with interest, attorneys' fees and costs.

54. Defendants Juliana Riahi, as Trustee of the Children's Trust, John Doe 1, as Trustee of the Children's Trust, Michael Khalifeh, Alexander Khalifeh, Ana Vlalukin, Juliana Riahi, as Executor of the Estate of Boris G. Vlalukin, John Doe 2, as Executor of the Estate of Boris G. Vlalukin, Juliana Riahi, as Trustee of the Boris G. Vlalukin Revocable Trust Dated October 23, 2000 and all other trusts created under it, John Doe

3, as Trustee of the Boris G. Vlalukin Revocable Trust Dated October 23, 2000 and all other trusts created under it (referred to collectively herein as the **"Settlement Agreement Defendants"**) are the initial transferees of the transfer or obligation incurred, or the entities for whose benefit such transfer or obligation was made, or the immediate or mediate transferee of the initial transferee(s).

55. The Debtor's interest in the NYC Co-op Apartment, or the current value of a fifty-percent (50%) interest in the NYC Co-op Apartment are recoverable from the Settlement Agreement Defendants pursuant to 11 U.S.C. § 550.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that the Court enter an order against the Settlement Agreement Defendants, jointly and severally, (a) avoiding the transfer and/or the obligation to transfer any of Debtor's shares or interests in the NYC Co-op Apartment pursuant to 11 U.S.C. § 544(a); (b) granting judgment against the Settlement Agreement Defendants pursuant to 11 U.S.C. § 550 to recover the Debtor's interest in the NYC Co-op Apartment or the current value of a fifty-percent (50%) interest in the NYC Co-op Apartment, plus interest, attorneys' fees and costs; and (c) granting such other relief as this Court deems appropriate.

### Alternative Count IV
**[Avoidance and Recovery of Transfer or Obligation Based Upon
11 U.S.C. §§548(a)(1)(B) and 550]**

56. The Trustee incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

57. On the date of the Settlement Agreement, the Debtor had the right to receive fifty-percent (50%) of the shares and interests in the NYC Co-op Apartment.

58. The Debtor's agreement in section 2.c. of the Settlement Agreement to transfer half of the ownership interest in the NYC Co-op Apartment into the Children's Trust for the benefit of Debtor's children, Michael Khalifeh and Alexander Khalifeh, and to transfer other rights and interests of the Debtor in the NYC Co-op Apartment, constituted a transfer of property of the Debtor or an obligation incurred by the Debtor within two years before the Petition Date.

59. Upon information and belief, the Debtor received less than reasonably equivalent value in exchange for the transfer of the Debtor's interests in the NYC Co-op Apartment and/or the obligations incurred by the Debtor in section 2.c. of the Settlement Agreement with respect to the NYC Co-op Apartment.

60. Upon information and belief, on the date that the Debtor entered into the Settlement Agreement, the Debtor was (i) insolvent or became insolvent as a result of the transfer or obligation; (ii) was engaged in business or transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

61. The transfer of the Debtor's interests in the NYC Co-op Apartment and/or the obligations incurred by the Debtor in section 2.c. of the Settlement Agreement with respect to the NYC Co-op Apartment are avoidable transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

62. The Debtor's bankruptcy estate has been damaged in an amount no less than the current value of a fifty-percent (50%) interest in the NYC Co-op Apartment, together with interest, attorneys' fees and costs.

63. The Settlement Agreement Defendants are the initial transferees of the transfer or obligation incurred, or the entities for whose benefit such transfer or obligation was made, or the immediate or mediate transferee of the initial transferee(s).

64. The Debtor's interest in the NYC Co-op Apartment, or the current value of a fifty-percent (50%) interest in the NYC Co-op Apartment are recoverable from the Settlement Agreement Defendants pursuant to 11 U.S.C. § 550.

WHEREFORE, Donald F. King, Trustee, by counsel, requests that the Court enter an order against the Settlement Agreement Defendants, jointly and severally, (a) avoiding the transfer and/or the obligation to transfer any of Debtor's shares or interests in the NYC Co-op Apartment pursuant to 11 U.S.C. § 548(a)(1)(B); (b) granting judgment against the Settlement Agreement Defendants pursuant to 11 U.S.C. § 550 to recover the Debtor's interest in the NYC Co-op Apartment or the current value of a fifty-percent (50%) interest in the NYC Co-op Apartment, plus interest, attorneys' fees and costs;  and  (c) granting such other relief as this Court deems appropriate.

### Count V
### [Disallowance of Claim Pursuant to 11 U.S.C. § 502(d)]

65. The Trustee incorporates the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66. The transfers and obligations identified in Alternative Counts III and IV above are avoidable and recoverable as set forth therein pursuant to the applicable Bankruptcy Code sections alleged.

67. The Settlement Agreement Defendants have not paid the amount, or turned over the property sought to be avoided and recovered to the Trustee.

68. Pursuant to 11 U.S.C. § 502(d), the Settlement Agreement Defendants' claims should be disallowed.

WHEREFORE, the Trustee requests that an order be entered disallowing Settlement Defendants' Claims pursuant to 11 U.S.C. § 502(d) and granting such further relief as the Court deems appropriate.

        Respectfully submitted,
        **Donald F. King, Trustee**
        By counsel

By:     */s/ Lauren Friend McKelvey*
**Lauren Friend McKelvey (VSB No. 78813)**
**Alexander M. Laughlin (VSB No. 25237)**
**Counsel for Trustee**
**ODIN FELDMAN & PITTLEMAN PC**
**1775 Wiehle Avenue, Suite 400**
**Reston, Virginia 20190**
**Phone: 703-218-2135**
**Fax:   703-218-2160**
Lauren.McKelvey@ofplaw.com
Alex.Laughlin@ofplaw.com

#2662490v2